UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURT LARON COSEY, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE,<br><br>    Respondent. | Case No. 23-cv-01193 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br><br>(Docket No. 10) |

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 1. On August 22, 2023, the Court dismissed the petition with leave to amend to attempt to correct deficiencies. Dkt. No. 7. Petitioner was directed to file an amended petition within twenty-eight days from the date the order was filed and advised that failure to respond would result in the dismissal of the action without prejudice and without further notice to Petitioner. *Id.* at 4-5. When the deadline (September 19, 2023) passed without a response, the Court dismissed the action on October 5, 2023. Dkt. No. 8.

On October 20, 2023, Petitioner filed a letter and some papers, which the Court construes as a motion for reconsideration. Dkt. No. 10. Petitioner states that in accordance with the order, he filed an amended petition with superior court claiming IAC

on September 19, 2023. *Id.* at 1. He provides a copy of his account showing the charge for legal mail fees and the front page of the "amended petition" filed with the state superior court. Dkt. Nos. 2-3. Unfortunately, the form he used was this court's form petition. *Id.* at 3. Petitioner states, "[i]f I failed to miss a step in replying back to your court with proof of my filing I'm truly sorry for my ignorance of doing so." *Id.* at 2. It appears that Petitioner has misunderstood the court order.

The Court found that because Petitioner pleaded no contest to the charges, his federal claims asserting actual innocence were not cognizable. Dkt. No. 7. A plea of no contest, which is the functional equivalent of a guilty plea, limited the types of challenges left open in federal habeas corpus. *Id.* at 3. The Court then advised Petitioner of the types of challenges he could pursue, i.e., the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Id.*, citing *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Petitioner was granted leave to file an amended petition *in this Court*, to raise cognizable claims challenging his plea. At the same time, Petitioner was advised that even if he could state cognizable claims, he had to first exhaust those claims in the state courts before he could pursue them in this Court. Dkt. No. 7 at 4. Therefore, if Petitioner filed an amended petition that contained only unexhausted claims, the Court would have to dismiss the petition for failure to exhaust state judicial remedies. *Id.*, citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Rather than file the amended petition in this Court, Petitioner used this court's form habeas petition to file an amended petition in the state superior court. Accordingly, it appears that Petitioner is attempting to raise a new claim challenging his plea based on "IAC." Petitioner is advised that to exhaust a new claim challenging his plea in the state courts, he must file a *state* habeas petition using the appropriate *state* form in the appropriate state superior court. Petitioner is clearly already familiar with this process because he exhausted his state remedies for the original claims. *See* Dkt. No. 1 at 8-45. Furthermore, he need not refer to this federal action in that state action, as they are separate

matters. Only after he has properly exhausted his new claims in the state courts may he then pursue them in federal court.

Accordingly, there was no error in the Court's dismissal of this action for Petitioner's failure to file an amended petition in the time provided. The motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  __November 16, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. For Recon.
PRO-SE\BLF\HC.23\01193Cosey_recon

3